UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT KIRGIN** | ) | |
| | ) | |
| Plaintiff, | ) | Case Number |
| | ) | |
| vs. | ) | |
| | ) | CIVIL COMPLAINT |
| **FIRST CREDIT SERVICES, INC.** | ) | |
| **d/b/a/ ACCOUNTS RECEIVABLE** | ) | |
| **TECHNOLOGIES, INC.** | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Robert Kirgin, by and through his undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Robert Kirgin, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Plaintiff resides in this District.

## III.   PARTIES

4. Plaintiff, Robert Kirgin ("Plaintiff") is an adult natural person residing at 3647 Friar Road, Philadelphia, PA 19154.

5. Defendant, First Credit Services, Inc. d/b/a Accounts Receivable Technologies, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at One Woodbridge Center, Suite 410, Woodbridge, NJ 07095.

6. Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. On or about the October 8, 2009, Plaintiff began to receive harassing and

abusive calls from Defendant with regard to an alleged consumer debt, namely an HSBC MasterCard account.

8. Defendant's agents have called Plaintiff 51 times in 12 days, from October 8, 2009 up to and including October 20, 2009.

9. Defendant's agents have left voicemail messages that violate the FDCPA.

10. In several of the aforementioned voicemail messages, Defendant's unknown male agent uses a condescending tone of voice and states "Have the courtesy to get back to us immediately."

11. The voicemail messages left by Defendant's agent implies that the Plaintiff is a discourteous person.

12. At no time in the aforementioned voicemail messages doe Defendant's agent indicate what agency he is calling from, state who he is or give the mini-Miranda.

13. Defendant, by and through its agents continues to call Plaintiff repeatedly and excessively.

14. Defendant's constant and excessive telephone calls are harassing and abusive to Plaintiff and violate the FDCPA.

15. Additionally, Defendant's agent's communications falsely represent that Plaintiff has conducted himself in a manner that is disgraceful.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT ONE – FDCPA.**

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a.    c(a)(1)  Defendant's agents contacted Plaintiff at an unusual time known to be inconvenient to Plaintiff;

    b.    d  Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiff;

    c.  d(5)  Defendant's agents caused the phone to ring and attempted to engage the Plaintiff in conversation repeatedly;

    d.  d(6)  Defendant's agents failed to disclose their identity to Plaintiff;

    e.  e  Defendant's agent used false, deceptive and misleading representations to attempt to collect the alleged debt from Plaintiff;

    f.  e(7)  Defendant's agent falsely represented that Plaintiff had conducted himself in a manner which was disgraceful;

    g.  e(10)  Defendant's agent used false representation or deceptive means to attempt to collect the alleged debt from Plaintiff;

    h.  f  Defendant's agents were unfair and unconscionable in their attempts to collect the alleged debt from Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, First Credit Services, Inc. d/b/a Accounts Receivable Technologies, Inc. and Order the following relief:

  a.  Declaratory judgment that the Defendant's conduct violated the FDCPA;

  b.  Actual damages;

  c.  Statutory damages pursuant to 15 U.S.C. §1692k;

  d.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (PA FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

23. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

24. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("PA FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("PA UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

25. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

26. The PA FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

27. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

28. Violations of the FDCPA is a per se violation of the PA FCEUA and the PA UTPCPL.

29. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

30. By virtue of the violations of the law as aforesaid, and pursuant to the PA FCEUA and PA UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTPCPL
### PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW
### ("PA UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

31. The foregoing paragraphs are incorporated herein by reference.

32. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

33. The PA UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

34. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the PA UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c.  Defendant failed to comply with the FDCPA and PA FCEUA which are <u>per se</u> violations of the PA UTPCPL.

  35.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

  36.  By virtue of the violations of law aforesaid and pursuant to the pa UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

  a.  An Order declaring that Defendant violated the pa UTPCPL;

  b.  Actual damages;

  c.  Treble damages;

  d.  An award of reasonable attorney's fees and expenses and cost of suit; and

  e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **WARREN & VULLINGS, LLP**

**Date:   October 23, 2009**             **BY: /s/ Bruce K. Warren**
                                        **BY: /s/ Brent F. Vullings**
                                        Bruce K. Warren, Esquire
                                        Brent F. Vullings, Esquire
                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff